UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CHAD BARRY BARNES,<br><br>      Plaintiff,<br><br>   vs.<br><br>SEA HAWAII RAFTING, LLC, ET AL.,<br><br>      Defendants. | CIV. NO. 18-00389 LEK-WRP |

**ORDER OF DISMISSAL**

The instant case was opened to address constitutional challenges to various statutes and rules at issue in <u>Barnes v. Sea Hawaii Rafting, LLC, et al.</u>, CV 13-00002 ACK-RLP ("CV 13-002"). [CV 13-002, Minute Order, filed 10/18/18 (dkt. no. 452) ("10/18/18 EO")).[1]] On March 30, 2022, Senior United States District Judge Alan C. Kay informed the parties that he was inclined to dismiss this case. <u>See</u> Minute Order, filed 3/30/22 (dkt. no. 23). On April 8, 2022, Plaintiff Chad Barry Barnes ("Barnes") filed his objections to the dismissal. <u>See</u> Memorandum in Response to Minute Order [ECF No. 23], filed

---

[1] Senior United States District Judge Alan C. Kay presided over CV 13-002 and the instant case until both cases were reassigned to this Court on May 4, 2022. [CV 13-002, dkt. no. 913; CV 18-389, dkt. no. 26.] United States Magistrate Judge Richard L. Puglisi was assigned to CV 13-002 and the instant case until they were reassigned to United States Magistrate Judge Wes Reber Porter, effective May 13, 2019. [CV 13-002, dkt. no. 557; CV 18-389, dkt. no. 22.]

4/8/22 (dkt. no. 24) ("Barnes's Objection").  The United States of America ("the United States") filed a response to Barnes's objections on May 5, 2022.  See United States of America's Response to Plaintiff's Objection to Dismissal (ECF No. 24), filed 5/5/22 (dkt. no. 27).  Over Barnes's objections, the instant case is hereby dismissed for the reasons set forth below.

## BACKGROUND

Barnes worked for Defendant Sea Hawaii Rafting, LLC ("SHR") for six years on the M/V Tehani, a twenty-five-foot inflatable boat ("the Tehani").  Barnes suffered serious injuries during a July 3, 2012 incident involving the Tehani. See Barnes v. Sea Haw. Rafting, LLC, 889 F.3d 517, 523-25 (9th Cir. 2018) ("Admiralty Opinion").  Barnes initiated CV 13-002 on January 1, 2013 against SHR; Kris Henry ("Henry"), the owner and operator of SHR; and the Tehani, *in rem*, to assert various claims, including a Jones Act negligence claim, an unseaworthiness claim, and a claim for maritime remedies.  See CV 13-002, Verified Complaint, filed 1/1/13 (dkt. no. 1).

While CV 13-002 was pending, SHR initiated a Chapter 7 bankruptcy proceeding, and Henry initiated a Chapter 13 bankruptcy proceeding.  See In re Sea Haw. Rafting, LLC, Case No. 14-01520 ("BK 14-1520"); In re Kris Kimo Henry, Case No. 14-01475 ("BK 14-1475").  During the course of CV 13-002, various

2

issues arose because of the pending bankruptcy proceedings.  In response to Judge Kay's rulings on those issues, Barnes raised constitutional challenges to various bankruptcy statutes and rules.  See, e.g., CV 13-002, Barnes' Second Notice of Constitutional Question, filed 8/2/18 (dkt. no. 391), *also available in the instant case as* dkt. no. 3.  As previously noted, the instant case was opened for the litigation of Barnes's constitutional challenges.  [CV 13-002, 10/18/18 EO (citation omitted).]

Judge Kay certified Barnes's constitutional challenges to the United States Attorney General and the United States Attorney's Office for the District of Hawai`i, pursuant to 28 U.S.C. § 2403(a) and Fed. R. Civ. P. 5.1(b).  See Certification, filed 8/3/18 (dkt. no. 4).  The United States acknowledged that it was notified of Barnes's constitutional challenges.  See United States of America's Acknowledgement of Constitutional Challenge, filed 12/21/18 (dkt. no. 15) ("Acknowledgment").

On January 23, 2019, Barnes filed a memorandum responding to the United States' Acknowledgment.  [Chad Barry Barnes' Memorandum in Response to United States' Acknowledgment of Constitutional Challenge, etc., filed 1/23/19 (dkt. no. 18).]  He subsequently filed two errata versions of his memorandum.  [Errata Chad Barry Barnes' Memorandum in Response to United States' Acknowledgment of Constitutional Challenge, etc., filed

3

1/25/19 (dkt. no. 19); Errata Chad Barry Barnes' Memorandum in Response to United States' Acknowledgment of Constitutional Challenge, etc., filed 1/30/19 (dkt. no. 20) ("Constitutional Challenge Brief").]

Judge Kay summarized the issues in Barnes's Constitutional Challenge Brief as follows: "Plaintiff Barnes seeks to challenge the constitutionality of the following rules and statutes: (1) Local Rules 1070.1(a)-(b); (2) the Bankruptcy Amendments and Federal Judgeship Act of 1984, 28 U.S.C. § 157 and 11 U.S.C. § 364; and (3) 28 U.S.C. § 1921(a)(2)." [Minute Order, filed 3/7/19 (dkt. no. 21) ("3/7/19 EO"), at PageID #: 328.] However, Judge Kay noted that all of Barnes's constitutional challenges were presented in proceedings that were pending before the Ninth Circuit at that time: <u>In re: Friedheim v. Field</u>, Case. No. 18-16098 (appeal); and <u>Barnes v. United States District Court - Hawai`i</u>, Case No. 18-72203 (petition for writ of mandamus). [3/7/19 EO at PageID #: 328.] Thus, Judge Kay did not take any action on Barnes's constitutional challenges.

On March 22, 2022, Judge Kay issued an order noting that there had been no activity in this case since the 3/7/19 EO, and he stated he was inclined to dismiss the case. [Minute Order, filed 3/30/22 (dkt. no. 23) ("3/30/22 EO").] Barnes

4

objects to the dismissal of this case.  See generally Barnes's Objection.

## DISCUSSION

In Case No. 18-16098, the Ninth Circuit affirmed the order denying the motion for attorney's fees that was filed by Barnes's counsel, Jay Friedheim, Esq., in CV CV-002, In re Sea Haw. Rafting, LLC, 781 F. App'x 664 (9th Cir. 2019), *cert. denied sub nom.*, Friedheim v. Field, 140 S. Ct. 2567 (2020). The Ninth Circuit stated: "We have considered Friedheim's remaining arguments concerning . . . the constitutionality of the Bankruptcy Act, and find them to be unpersuasive." Id. at 665.  Thus, all of the constitutional arguments that were raised both in the instant case and in Ninth Circuit No. 18-16098 have been rejected.  Barnes disagrees with the result, he wanted a more thorough analysis of his constitutional arguments, and he speculates that the Ninth Circuit did not provide a more thorough analysis because Case No. 18-16098 was an interlocutory appeal.  See Barnes's Objection at 4.  To the extent that Barnes and his counsel believed the Ninth Circuit's rulings in Case No. 18-16098 were erroneous, their recourse was to seek review of the decision by the United States Supreme Court.  They did so, but the Supreme Court denied the petition for a writ of certiorari.  See 140 S. Ct. 2567.  Thus, the Ninth Circuit's ruling on Barnes's constitutional arguments stands, and this

5

Court cannot revisit those arguments in the instant case.  The constitutional challenges in the instant case that were also raised in Case No. 18-16098 must be dismissed.

In Case No. 18-72203, the Ninth Circuit denied Barnes's supplemented petition for a writ of mandamus, ruling that Barnes did "not demonstrate[] that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus."  [Barnes v. United States Dist. Ct. for the Dist. of Hawai`i, Case No. 18-72203, Order, filed 1/23/20 (dkt. no. 30) (citation omitted).]  Thus, the Ninth Circuit did not rule on the merits of Barnes's challenge to the constitutionality of 28 U.S.C. § 1921(a)(2), which states:

> The marshals shall collect, in advance, a deposit to cover the initial expenses for special services required under paragraph (1)(E), and periodically thereafter such amounts as may be necessary to pay such expenses until the litigation is concluded.  This paragraph applies to all private litigants, including seamen proceeding pursuant to section 1916 of this title.

The proceedings in Case No. 18-72203 do not prevent this Court from considering Barnes's constitutional challenge.

Barnes's challenge to § 1921(a)(2) arose after a May 3, 2018 order in CV 13-002, in which Judge Kay ruled that, contrary to what the Ninth Circuit indicated in the Admiralty

Opinion,[2] the law was clear that seamen were required to prepay the marshal's expenses before the marshal arrests a vessels. [CV 13-002, Order Regarding Prepayment of Marshal's Expenses, filed 5/3/18 (dkt. no. 315) ("Prepayment Order"), at 2 (citing 1998 amendments to 28 U.S.C. § 1921).]  Judge Kay allowed the parties to file memoranda stating any objections to his analysis.  [Id. at 3.]  On May 11, 2018, Barnes filed a memorandum in response to the Prepayment Order, [CV 13-002, dkt. no. 318,] but he also filed a request for leave to file an interlocutory appeal from the Prepayment Order ("Interlocutory Request"), [id., Interlocutory Request, filed 7/25/18 (dkt. no. 373)].  Judge Kay effectively denied the Interlocutory Request because Barnes sought to challenge the constitutionality of § 1921 and Judge Kay had not previously addressed that issue. See id., Minute Order, filed 8/1/18 (dkt. no. 390).[3]

On June 4, 2020, Barnes filed a motion for reconsideration of the Prepayment Order, [id., dkt. no. 681,]

---

[2] The Ninth Circuit noted: "There is a split of authority over whether seamen are exempt from prepayment of these fees." Admiralty Opinion, 889 F.3d at 530 n.10 (citing 28 U.S.C. § 1916) (comparing Thielebeule v. M/S Nordsee Pilot, 452 F.2d 1230, 1232 (2d Cir. 1971), with P.R. Drydock & Marine Terminals, Inc. v. Motor Vessel Luisa Del Caribe, 746 F.2d 93, 94 (1st Cir. 1984), and Araya v. McLelland, 525 F.2d 1194, 1196 (5th Cir. 1976)).

[3] The Interlocutory Request and the August 1, 2018 Minute Order are also available in the instant case as docket numbers 1 and 2.

and Judge Kay denied the motion in a June 23, 2020 Minute Order ("6/23/20 EO") that reiterated the analysis of § 1921(a)(2) that was the basis of the Prepayment Order, [id., dkt. no. 694]. The motion for reconsideration did not raise, nor did the 6/23/20 EO address, the constitutional challenge to § 1921(a)(2) that Barnes had previously raised. Thus, because neither the Ninth Circuit nor Judge Kay has addressed Barnes's constitutional challenge, this Court will address it here.

  The United States argues Barnes's challenge should be rejected because it "appear[s] . . . to be indistinguishable from his original statutory claims, which have already been resolved." See United States Response at 1. The United States has not made "a formal decision on intervention[,]" but argues the constitutional challenge may be dismissed without the United States' intervention. See id. at 2 (citing Fed. R. Civ. P. 5.1(c)).[4] This Court agrees.

  Barnes argues that Judge Kay erred in ruling that the 1988 amendments to § 1921 "trumps the old Admiralty policy expressed in 28 U.S.C. 1916."[5] [Constitutional Challenge Brief

---

[4] Rule 5.1(c) states, in relevant part: "Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional."

[5] 28 U.S.C. § 1916 states: "In all courts of the United States, seamen may institute and prosecute suits and appeals in
(. . . continued)

8

at 14.]  Barnes argues that there is a conflict between § 1916 and § 1921, [id. at 15-16,] and, even if Judge Kay's interpretation in the Prepayment Order is the correct resolution of the circuit split that the Ninth Circuit noted in the Admiralty Opinion, Barnes argues that to apply Judge Kay's interpretation to him under the circumstances of CV 13-002 is unconstitutional.  [Id.]  Barnes asserts "[t]here is an inter case conflict which pits the 9th Circuit against th[is district court]."  [Id. at 69.]  The arguments that Barnes raises regarding § 1921(a)(2) do not challenge the constitutionality of the statute; they merely assert that Judge Kay made errors of law and fact in the Prepayment Order.  These arguments can therefore be raised in an appeal taken after the entry of final judgment in CV 13-002.  This Court concludes that the issues Barnes raises in his Constitutional Challenge Brief regarding § 1921(a)(2) are not properly before this Court in the instant case.

## CONCLUSION

For the foregoing reasons, there are no issues for this Court to resolve in the instant case.  This case is HEREBY

---

their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor."

9

DISMISSED, and the Clerk's Office is DIRECTED to close the case immediately.

The Clerk's Office is also directed to file the instant Order in CV 13-002.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 7, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHAD BARRY BARNES VS. SEA HAWAII RAFTING, LLC, ET AL; CV 18-00389 LEK-WRP; ORDER OF DISMISSAL**